# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 4, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JONATHAN ROGAN, on behalf of | * | |
| T.R., a minor, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1916V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

<u>Mark T. Sadaka</u>, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
<u>Claudia B. Gangi</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 8, 2017, Jonathan Rogan ("petitioner"), on behalf of T.R., a minor, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of a human papillomavirus ("HPV") vaccine T.R. received on October 17, 2016, T.R. suffers from alopecia. Petition at Preamble.

On July 31, 2020, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney and paralegals who worked on his case. Petitioner's

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Application for Interim Attorney Fees and Costs ("Pet. Mot."), filed July 31, 2020 (ECF No. 65). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $34,071.49
**Attorneys' Costs** – $10,175.28

Petitioner thus requests a total of $44,246.77.  Respondent failed to file a response, and petitioner filed a reply on August 21, 2020.  Petitioner's Reply to Pet. Mot. ("Pet. Reply"), filed Aug. 21, 2020 (ECF No. 66).

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards $43,741.87 in attorneys' fees and costs.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.  Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

   A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed.

Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorney and paralegals who worked on this matter:

**Mr. Sadaka – Attorney**
  2017: $376.38
  2018: $396.00
  2019: $405.00
  2020: $422.00

**Paralegals**
  2017: $145.17
  2018: $150.55
  2019: $156.00
  2020: $163.00

The undersigned finds that the requested rates are reasonable and in accordance with what this attorney has previously been awarded for his Vaccine Program work.  See, e.g., Fraser v. Sec'y of Health & Hum. Servs., No. 17-1229V, 2019 WL 7557793, at *2 (Fed. Cl. Spec. Mstr. Dec. 5, 2019) (awarding $376.38 per hour for work performed in 2017, $393.00 per hour for work performed in 2018, and $405.00 per hour for work performed in 2019); Bull v. Sec'y of Health & Hum. Servs., No. 18-361V, 2020 WL 2954983, at *2 (Fed. Cl. Spec. Mstr. Apr. 30, 2020) (same); Woods v. Sec'y of Health & Hum. Servs., No. 17-897V, 2020 WL 4756881, *2 (Fed. Cl. Spec. Mstr. July 23, 2020) (awarding fees for work performed in 2017 to 2020).  The undersigned will therefore award the rates requested.

Mr. Sadaka also requested hourly rates between $145.17 and $163.00 per hour for work done by paralegals from 2017 to 2020.  These rates are consistent with such work previously

awarded in the Program.  See, e.g., Woods, 2020 WL 4756881, at *2; Cobb ex. rel. T.C. v. Sec'y of Health & Hum. Servs., No. 17-1123V, 2020 WL 2466569, at *4 (Fed. Cl. Spec. Mstr. Apr. 1, 2020); Bull, 2020 WL 2954983, at *2.  Therefore, the undersigned will award the rates requested.

Petitioner's counsel requests compensation for 18.3 hours for 2017, 20.7 hours for 2018, 14.1 hours for 2019, and 17 hours for 2020.  Pet. Mot., Ex. A at 17.  Petitioner's counsel also requests compensation for 18.6 hours for 2017, 9.4 hours for 2018, 2.6 hours for 2019, and 9.7 hours for 2020 for the work of his paralegals.  Id.  The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable.  The billing entries accurately reflect the nature of the work performed.  However, upon review, the undersigned finds counsel's paralegal billed 3.3 hours for 2019 and 9 hours for 2020.  See id. at 6-12.  This results in a reduction of $4.90.

### B. Attorneys' Costs

#### 1. Expert Fees

Petitioner requests $9,500.00 for work performed by Dr. M. Eric Gershwin, which was a total of 19 hours, billed at an hourly rate of $500.00, and includes two retainer fees for $2500.00.  Pet. Mot., Ex. B at 4-8.

Dr. Gershwin has previously been awarded $500.00 per hour for his vaccine program work.  See, e.g., Lewis v. Sec'y of Health & Hum. Servs., No. 16-1604V, 2020 WL 4578584 (Fed. Cl. Spec Mstr. July 8, 2020); Soltys v. Sec'y of Health & Hum. Servs., No. 17-401V, 2020 WL 5049411 (Fed. Cl. Spec. Mstr. June 26, 2020); Santoroski v. Sec'y of Health & Hum. Servs., No. 15-1294V, 2019 WL 3577842 (Fed. Cl. Spec. Mstr. June 8, 2020).  Thus, the undersigned finds $500.00 is a reasonable rate for Dr. Gershwin's work in this case.  Upon review, Dr. Gershwin billed only 18 hours, resulting in a reduction of $500.00.  Petitioner is therefore awarded $9,000.00 for expert fees.

#### 2. Miscellaneous Costs

Petitioner requests $675.28 to cover their attorney's other miscellaneous expenses, including Fed Ex costs, the filing fee, and other expenses.  Pet. Mot., Ex. A at 17; Pet. Mot., Ex. B.  The undersigned finds these costs reasonable and well-documented,[3] and she will award them in full.

---

[3] Petitioner did not provide full documentation of all expenses, specifically six entries for "Mailing/Distribution" on March 9, 2017, April 5, 2017, May 18, 2017, and June 6, 2017; and one entry for "Medical Records" on April 5, 2017.  All invoices should be provided in future filings.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and his counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 34,071.49 |
| Reduction of Attorneys' Fees | - ($ 4.90) |
| Awarded Attorneys' Fees: | $ 34,066.59 |
| | |
| Requested Attorneys' Costs: | $ 10,175.28 |
| Reduction of Attorneys' Costs: | - ($ 500.00) |
| Awarded Attorneys' Costs: | $ 9,675.28 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 43,741.87** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $43,741.87, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Mark Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.