# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 11, 2026

```
* * * * * * * * * * * * * * * * * * * * * * * *
THEO ROGAN,                          *          PUBLISHED
                                     *
             Petitioner,             *          No. 17-1916V
                                     *
v.                                   *          Special Master Nora Beth Dorsey
                                     *
SECRETARY OF HEALTH                  *          Damages Award; Human Papillomavirus
AND HUMAN SERVICES,                  *          ("HPV") Vaccine; Alopecia Areata ("AA");
                                     *          Pain and Suffering; Out-of-Pocket
             Respondent.             *          Expenses.
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Mark Sadaka, The Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On December 8, 2017, Theo Rogan[2] ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[3]  Petitioner alleged that as a result of a human papillomavirus

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The petition was initially filed by Jonathan Rogan on behalf of his minor child, Theo Rogan; however, when Theo Rogan reached the age of majority during the pendency of this case, the case caption was amended.  Order dated Sept. 29, 2021 (ECF No. 77).

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

("HPV") vaccine administered on October 17, 2016, he developed alopecia.  Petition at Preamble (ECF No. 1).  On September 2, 2025, a ruling finding Petitioner entitled to compensation issued.  Ruling on Entitlement dated Sept. 2, 2025 (ECF No. 171).

On May 11, 2026, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  Proffer at 2.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

(1) **A lump sum payment of $111,545.71, representing compensation for pain and suffering ($80,000.00) and past unreimbursable expenses ($31,545.71), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Theo Rogan.**

Proffer at 2.  This amount represents all elements of compensation to which Petitioner is entitled under § 15(a).  Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| THEO ROGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 17-1916V |
| v. | ) | Special Master Dorsey |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

On December 8, 2017, Jonathan Rogan ("petitioner") on behalf of his minor child, T.R., filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Act"), 42 U.S.C. §§ 300aa-10 to -34, as amended.[2]  Petitioner alleges that T.R. suffered from alopecia as a result of receiving his first Gardasil ("HPV") vaccination on October 17, 2016.  Petition at 1.  On September 2, 2025, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[3]  ECF No. 171.

I.      **Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] On September 29, 2021, the Court granted petitioner's motion to amend the caption given that T.R. was no longer a minor and had reached the age of majority.

[3] The parties have no objection to the amount of the proffered award of damages.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's September 2, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act.  This right accrues following the issuance of the Damages Decision.

A. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$80,000.00** in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses

related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past

unreimbursable expenses in the amount of **$31,545.71**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).

Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    **Form of the Award/Recommended Payments**

The parties recommend that compensation provided to petitioner should be made through

a lump sum payment described below, and request that the Special Master's decision and the

Court's judgment award the following:[4]

> A lump sum payment of **$111,545.71** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Theo Rogan.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[4] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Tyler C. King*
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0730
Tyler.King@usdoj.gov

Dated: May 11, 2026

3

CERTIFICATE OF SERVICE

I certify that today, May 11, 2026, a copy of the foregoing pleading was served by electronic mail to Mark Sadaka at mark@sadakafirm.com.

<u>s/ Tyler King</u>